IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE HARRIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-1304 |
| | : | |
| v. | : | |
| | : | |
| JEAN C. LAFORD and MARIA LAFORD, | : | |
| | : | |
| Defendants. | : | |

Smith, J.                                                                                      August 28, 2014

## MEMORANDUM OPINION

Presently before the court is the motion for leave to serve process filed by the plaintiff, Diane Harris.  In the motion, the plaintiff seeks an order allowing her to attempt an alternative form of service of the summons and complaint under Rule 430 of the Pennsylvania Rules of Civil Procedure because she has unsuccessfully attempted to serve the defendants, Jean C. LaFord and Maria LaFord.  For the reasons discussed below, the court will deny the motion.

## I.      ALLEGATIONS AND PROCEDURAL HISTORY

On March 3, 2014, the plaintiff commenced this action against the defendants by filing a complaint.  *See* Doc. No. 1.  In the complaint, the plaintiff alleges that on May 4, 2013, Jean LaFord was operating a vehicle owned by Maria LaFord.  Compl. at ¶¶ 6, 7.  The defendants' vehicle collided with the plaintiff's vehicle while both vehicles were traveling on U.S. Route 130 in Burlington, New Jersey.  *Id.* at ¶¶ 7, 8.  The plaintiff alleges that the Jean LaFord's negligent conduct caused the accident, and she asserts that she suffered severe and permanent injuries because of the collision.  *Id.* at ¶¶ 10-12.  Based on these allegations, the plaintiff asserts a cause of action for negligence against Jean LaFord and a cause of action for negligent entrustment against Maria LaFord.  *Id.* at 4-7.

The docket entries in this matter reflect that the Clerk of Court forwarded the summons to the plaintiff's counsel on March 4, 2014. *See* unnumbered docket entry between Doc. Nos. 1 and 2. To date, the plaintiff has not completed service of the summons and complaint. *See* Pl.'s Mot. for Leave to Serve Process ("Pl.'s Mot.") at ¶¶ 3-10, Doc. No. 3. On August 4, 2014, the plaintiff filed the instant motion for alternative service.

In the motion, the plaintiff seeks a court order permitting her to effect service on the defendants by forwarding a copy of the summons and complaint to the defendants via first-class mail, certified mail, and by posting the summons and complaint on the outside entrance door of the residence located at 18 Edwards Avenue, Delanco, New Jersey 08075. *See id.* at ¶ 18. In support of the motion, the plaintiff avers that on April 14, 2014, she attempted to serve the summons and complaint upon the defendants via certified mail at the address listed as their residence in the police report issued in the underlying motor vehicle accident, namely 18 Edwards Avenue, Delanco, New Jersey 08075. *See id.* at ¶¶ 3-5. The United States Postal Service returned the certified mail receipts, which it marked as "unclaimed." *Id.* at ¶¶ 4-5 & Exs. C, D. The plaintiff then went through numerous steps to confirm the defendants' addresses, including (1) subpoenaing Maria LaFord's vehicle registration information from New Jersey, (2) having a detective agency conduct a skip trace on Jean LaFord, and (3) submitting a Freedom of Information Act ("FOIA") request to the United States Postal Service to confirm that the defendants receive mail at the aforementioned address. *Id.* at ¶¶ 6-9 & Exs. E-H. Through the plaintiff's investigation, she confirmed that the defendants appear to reside at 18 Edwards Avenue in Delanco, New Jersey. *Id.* at ¶ 10. The plaintiff believes that "despite attempts to serve Defendants at their confirmed residence, it is apparent that the defendants [are] actively avoiding service. Any future attempts of service, via the same method, would thus be futile." *Id.*

## II.      DISCUSSION

### A.      Applicable Rules of Procedure and Legal Standard Applicable to Motions for Alternative Service

#### 1.      Applicable Federal Rules of Civil Procedure

Rule 4(c) of the Federal Rules of Civil Procedure discusses service of the summons and complaint and provides that the plaintiff (1) is responsible for serving the summons and complaint within the time provided by Rule 4(m), (2) can use any person who is at least 18 years old and not a party to serve the complaint, and (3) can request that the court order a United States Marshal, a deputy marshal, or an individual specially appointed by the court, to serve the summons and complaint.  *See* Fed. R. Civ. P. 4(c).  When a plaintiff seeks to serve individuals within a judicial district of the United States, Rule 4(e) states that a plaintiff can serve an individual by:

> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> **(2)** doing any of the following:
>
>> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>>
>> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
>>
>> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

#### 2.      Applicable State Rules of Civil Procedure

As indicated above, Rule 4(e) of the Federal Rules of Civil Procedure permits a plaintiff to serve a defendant by following the state law for service in the state where the district court is

located.  Since this court is located in the Commonwealth of Pennsylvania, a plaintiff could serve

a defendant by following Pennsylvania law.  As the defendants are purportedly located in New

Jersey, the plaintiff would have to follow Rule 404 of the Pennsylvania Rules of Civil Procedure

because it provides the applicable rules relating to service of original process outside of the

Commonwealth of Pennsylvania.  *See* Pa.R.C.P. No. 404.  In particular, Rule 404 provides in

pertinent part that a plaintiff can serve an out-of-state defendant by using the following three

methods of service:

> (1) by a competent adult in the manner provided by Rule 402(a);

> (2) by mail in the manner provided by Rule 403;

> (3) in the manner provided by the law of the jurisdiction in which the service is made for service in an action in any of its courts of general jurisdiction[.]

Pa.R.C.P. No. 404(1)-(3).[1]  If a plaintiff in unable to complete service under Rule 404, the

Pennsylvania Rules of Civil Procedure provides that "the plaintiff may move the court for a

special order directing the method of service."  Pa.R.C.P. No. 430.  When seeking to use Rule

430 for service, the movant must also file "an affidavit stating the nature and extent of the

---

[1] Concerning the these three methods of service, Rule 402(a) permits a plaintiff to serve original process:
> (1) by handing a copy to the defendant; or
> (2) by handing a copy
>> (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or
>> (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or
>> (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.C.P. No. 402(a). As for the second method of service described in Rule 404, *i.e.* service by mail, Rule 403 of the Pennsylvania Rules of Civil Procedure states that "[i]f a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent.  Service is complete upon delivery of the mail."  Pa.R.C.P. No. 403.  Rule 403 also indicates that "[i]f the mail is returned with notation by the postal authorities that it was unclaimed, the plaintiff shall make service by another means pursuant to these rules."  Pa.R.C.P. No. 403(2).  Regarding the method referenced in Rule 404(3), since the defendants allegedly reside in New Jersey, a plaintiff could use the forms of service described in Rule 4:4-4 of the New Jersey Rules of Court.  *See* N.J. Ct. R. 4:4-4 (providing requirements for service of summons, writs, and complaints).

investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." *Id.*

### 3.    Standard for Motions for Alternative Service

In this district, courts require that a party moving for alternative service satisfy three conditions:  "(1) the plaintiff must make a good faith effort to locate the defendant; (2) the plaintiff must show that he has made practical efforts to serve the defendant under the circumstances; and (3) the plaintiff's proposed alternate means of service must be reasonably calculated to provide the defendant with notice of the proceedings against him." *Banegas v. Hampton*, No. 08-cv-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009) (citations and internal quotation marks omitted).

### B.    Analysis

After reviewing the averments in the motion, the attachments thereto, and the supporting memorandum of law, the court finds that the plaintiff has failed to satisfy the second condition to obtaining leave for alternative service because she has not demonstrated that she "made practical efforts to serve the defendant under the circumstances." *Id.*[2]  Concerning practical efforts to serve the defendants, the court notes that

> "[h]alf-hearted attempts at service will not do." [*Calabro* v. *Leiner*, 464 F.Supp.2d 470, 473 (E.D. Pa. 2006)]. Depending on the circumstances, the

---

[2] Regarding the first condition, the plaintiff has demonstrated a good faith effort to locate the defendants.  The Note to Rule 430 indicates that

> illustration[s] of a good faith effort to locate the defendant includes (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records.

Pa.R.C.P. No. 430, Note.  As indicated above, the plaintiff submitted FOIA inquires to the United States Postal Service, sought the services of a detective agency to run a skip trace, and sought motor vehicle records.  *See* Pl.'s Mot. at ¶¶ 4-9 & Exs. C-H.

> Concerning the third condition, the plaintiff's proposed alternative method of service is to forward a copy of the summons and complaint to the defendants via first-class mail, certified mail, and to post the summons and complaint on the outside entrance door of the residence located at 18 Edwards Avenue, Delanco, New Jersey 08075. This alternative method of service appears to be reasonably calculated to provide the defendants with notice of the proceedings against them.

plaintiff may be required to attempt to make service at different times of day or on different days of the week. *Id.* at 472. Courts in this district have found a plaintiff's efforts to be sufficient when he or she has made six attempts at service, *United States v. Muhammed,* 2009 WL 605996, at *2 (E.D. Pa. Mar. 9, 2009) (Bartle, J.), or "repeated attempts ... including a stake out," *Premium Payment Plan,* 2007 WL 2319776, at *1–2. On the other hand, courts have found efforts to be insufficient where three attempts were made with two falling on the same day of the week and two occurring at the same time of day, *Calabro,* 464 F.Supp.2d at 473, or when two attempts were made on consecutive days of the week with the first being made to a vacant office, *Barbosa v. Dana Capital Group, Inc.,* 2009 WL 902339, at *6 (E.D. Pa. Mar. 31, 2009) (Gardner, J.). . . . The number of times a plaintiff attempts to make service is not necessarily determinative of whether the efforts were reasonable and practical, but it is certainly probative. [***Nonetheless, t***]*o claim that the single service attempt under these circumstances satisfies the practical efforts standard requires a substantial reinterpretation of the standard itself*.

*Banegas*, 2009 WL 1140268, at *2 (emphasis added).[3]

In this case, although the plaintiff generally references "attempts" at serving the defendants in the motion, the plaintiff specifically identifies only <u>one</u> attempt – via certified mail – to serve each defendant on April 14, 2014.  *See* Mot for Leave to Serve Process at ¶ 10.[4] Although the plaintiff attempted to serve original process under Rule 403 of the Pennsylvania Rules of Civil Procedure, it does not appear that she followed the Rule after receiving notice that the mail was unclaimed insofar as neither the averments in the motion nor the exhibits attached thereto evidence any attempt by the plaintiff to serve the defendants via another means allowable under the Pennsylvania Rules of Civil Procedure.  *See* Pa.R.C.P. No. 403(2).  For example, after receiving notice of the unclaimed certified mail, there is no indication that the plaintiff attempted

---

[3] In *Banegas*, the plaintiff appears to have attempted to use a service agent to serve process on one of the defendants at that defendant's residence, but someone told the service agent that the defendant had moved away and this person did not know his current address. *Banegas*, 2009 WL 1140268, at *1.  After this single, unsuccessful attempt at service, the plaintiff did not attempt to serve this defendant again.  *Id.*

[4] The court notes that the certified mail receipts attached to the motion are not marked for restricted delivery.  Rule 403 specifically states that the plaintiff can use a form of mail to serve a defendant if this form "requir[es] a receipt signed by the defendant or his authorized agent."  Pa.R.C.P. No. 403.  The Note to Rule 403 indicates that "[t]he United States Postal Service provides for restricted delivery mail, which can ***only*** be delivered to the addressee or his authorized agent. Rule 403 has been drafted to accommodate the Postal Service procedures with respect to restricted delivery."  *Id.* at Note (emphasis added).

to use a process server or otherwise effect personal service as allowed by Rule 402.  In addition, the plaintiff did not try to use certified mail on another occasion.  Therefore, similar to the movant in *Banegas*, the plaintiff's single attempt at service via certified mail in this case is wholly insufficient to satisfy the practical efforts standard.  Accordingly, the court will deny the motion for leave to serve process by alternative means.

Despite the court's resolution of the instant motion, there is an additional issue that the court must raise at this time. Under Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff had 120 days from filing the complaint on March 3, 2014, *i.e.*, until July 1, 2014, to serve the summons and complaint on the defendants.  *See* Fed. R. Civ. P. 4(m) (providing 120-day period for service of summons and complaint).  The plaintiff has not served the summons and complaint, and she did not file the instant motion until more than 30 days had passed after the 120-day period expired.  Pursuant to Rule 4(m), "the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  *Id.*  Based on the averments in the motion, and in the court's discretion, the court will allow the plaintiff until October 3, 2014, to properly effect service of the summons and complaint on the defendants.  If the plaintiff is unable to effect service by this date, the court will dismiss the action without prejudice for lack of timely service of process as permitted under Rule 4(m).

### III.   CONCLUSION

Although the court appreciates the plaintiff's efforts to confirm the location of the individual defendants in this case, she has failed to show that she used practical efforts to serve the defendants under the circumstances in this case.  Therefore, the court must deny the motion for leave to serve the defendants by alternative means under Rule 430 of the Pennsylvania Rules

of Civil Procedure.  In addition, even though the plaintiff has not effected service within 120 days as required by Rule 4(m), the court will permit the plaintiff with an additional period of time, until October 3, 2014, to complete service of process in this case.  If the plaintiff does not complete service by this date, the court will dismiss the action without prejudice under Rule 4(m).

An appropriate order follows.

BY THE COURT:


/s/ Edward G. Smith
EDWARD G. SMITH, J.